UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EARL FELDER,<br><br>                    Petitioner,<br><br>       v.<br><br>RODERICK Q. HICKMAN, Secretary of the California Department of Corrections and Rehabilitation,<br><br>                    Respondent. | Civil No.   05-CV-2225 L (CAB)<br><br>**ORDER RE PETITIONER'S MOTION TO HOLD PROCEEDINGS ON PETITION IN ABEYANCE**<br>**[Doc. # 24]** |

This is a Petition for Writ of Habeas Corpus brought under 28 U.S.C. § 2254. On August 3, 2006 Respondent Roderick Q. Hickman filed his Answer to the First Amended Petition. On August 16, 2006 Petitioner filed a Motion to Hold Proceedings on Petition in Abeyance.

The Court hereby notifies Petitioner of the requirements for demonstrating that the stay and abeyance procedure is appropriate in this case. In <u>Rhines v. Weber</u>, 544 U.S. 269 (2005) the Supreme Court held that District Courts have limited discretion to hold in abeyance a mixed habeas petition, that is, one containing both exhausted and unexhausted claims, in order to permit a petitioner to return to state court to exhaust additional claims while the federal proceedings are stayed. <u>Rhines</u>, 544 U.S. at 277. The <u>Rhines</u> Court held that "a stay and abeyance 'should be available only in limited circumstances,' and is appropriate only when the district court determines that there was 'good cause' for the failure to exhaust." <u>Jackson v. Roe</u>, 425 F.3d 654, 661 (9th Cir. 2005) (quoting <u>Rhines</u>, 544 U.S. at 277). The Court in <u>Jackson</u> noted that the <u>Rhines</u> holding applies to stays of mixed petitions, but that

Rhines did not comment on the validity of the withdraw and abeyance procedure approved of in Calderon v. United States District Court (Taylor), 134 F.3d 981 (9th Cir. 1998) and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), where unexhausted claims are withdrawn from a mixed petition and the resultant fully-exhausted petition is held in abeyance while petitioner returns to state court to exhaust the unexhausted claims. Jackson, 425 F.3d at 661.  Because Jackson involved a mixed petition, the Court held that Rhines directly controlled, and "left for another day the question of whether the stay standard announced by the Supreme Court in Rhines applies to our three-step stay-and-abeyance procedure." Id.

Irrespective of whether Petitioner's motion for stay is subject to the restrictions placed on this Court's discretion to issue a stay as set forth in Rhines, or is subject to the Ninth Circuit's withdraw and abeyance procedure, Petitioner must satisfy the criteria for issuance of a stay.  Under either procedure **he must demonstrate there are arguably meritorious claims which he wishes to return to state court to exhaust and that he is diligently pursuing his state court remedies with respect to those claims.** Jackson, 425 F.3d at 661; Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000); Taylor, 134 F.3d at 987; see also Kelly, 315 F.3d at 1070.  Petitioner shall address these concerns in his brief in support of his Motion.  In addition, Petitioner should set forth facts in an attempt to demonstrate good cause for his failure to timely exhaust the state court remedies with respect to his unexhausted claims.

Accordingly, Petitioner shall file a brief in support of his Motion to Hold Proceedings on Petition in Abeyance addressing the above requirements no later than **October 16, 2006**.  Respondent shall file an opposition to the motion no later than **October 30, 2006**.  Petitioner shall file his reply, if any, to the Respondent's opposition no later than **November 6, 2006**.  In the event Petitioner's motion is denied, the Court will set a new date for the filing of his Traverse.

**IT IS SO ORDERED.**

DATED: September 19, 2006

_____
**HON. CATHY ANN BENCIVENGO**
United States Magistrate Judge