UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EARL FELDER,<br><br>    Petitioner,<br><br>v.<br><br>RODERICK Q. HICKMAN, Secretary of the California Department of Corrections and Rehabilitation,<br><br>    Respondent. | Civil No. 05-CV-2225 L (CAB)<br><br>**REPORT AND RECOMMENDATION RE PETITIONER'S MOTION TO HOLD PROCEEDINGS ON PETITION IN ABEYANCE**<br>**[Doc. ## 24, 27]** |

## I. INTRODUCTION

This is a Petition for Writ of Habeas Corpus brought under 28 U.S.C. § 2254. On August 3, 2006 Respondent Roderick Q. Hickman ("Respondent" or "Hickman") filed his Answer to the First Amended Petition ("FAP"). In the Answer to the FAP, Respondent argued that Petitioner failed to exhaust available state remedies as to his second claim because Petitioner failed to present that claim to the California Supreme Court. Petitioner filed a Motion to Hold Proceedings on Petition in Abeyance. [Doc. # 24]. The Court issued an Order setting forth the requirements for demonstrating that the stay and abeyance procedure is appropriate. [Doc # 24]. Petitioner filed an amended motion following his receipt of the Order. [Doc. # 27]. Respondent filed an opposition. [Doc. # 29].

For the reasons below, the undersigned Magistrate Judge recommends that the motion be **DENIED** without prejudice as unnecessary.

## II. FACTS

In 2003, Petitioner was convicted and sentenced to a total term of twenty three years, resulting from several terms imposed in two separate cases. (Lodgment 5, p. 2). In a case arising from offenses committed by Felder on January 5, 2002, he pleaded guilty to cocaine possession, possession of drug paraphernalia, and giving false information to a police officer. (*Id.*, p. 1). Felder also admitted that he had suffered two prior strike convictions. (*Id.*, p. 2). In another case, arising out of offenses committed in March 2002, Felder was found guilty of robbery and grand theft. *Id.* The court also found that Felder had suffered two prior felony convictions and two prior strike convictions. *Id.*

Petitioner appealed the conviction to the California Court of Appeal asserting, among other claims, that (1) the trial court erred in giving California jury instruction CALJIC No. 2.15 concerning possession of recently stolen property; (2) the prosecution failed to prove the prior convictions alleged in the information; and (3) the trial court erred in denying his motion to invalidate his prior convictions. (Lodgment 3). The state appellate court affirmed the conviction on November 15, 2004. (Lodgment 5).

On January 26, 2005, Felder filed a petition for review with the California Supreme Court. (Lodgment 6). Petitioner argued that "(1) the trial court erred in giving California jury instruction CALJIC No. 2.15 without restricting its application to count 3; (2) trial court erred in denying a motion to invalidate a prior conviction; and (2) the court violated Petitioner's right to a jury trial by imposing an upper term. (Lodgment 6). The petition was denied. (Lodgment 7).

On January 19, 2006, Felder filed the FAP. Felder alleges three grounds for relief: (1) the [trial] court erred in giving California jury instruction CALJIC No. 2.15 and in failing to limit the instruction to count 3; (2) the prosecution failed to prove the prior convictions alleged; and (3) the [trial] court erred in denying the motion to invalidate the prior convictions based on the attorney's conflict of interest. (FAP, p. 2).

Respondent argues in his Answer that because the second claim in the FAP was not presented to the California Supreme Court, it is unexhausted. Petitioner seeks to stay the FAP while he returns to the state court to exhaust the claim.

## III. DISCUSSION

The undersigned Magistrate Judge recommends that Petitioner's motion to stay the FAP be

denied. A stay and abeyance of the FAP is not necessary because the second claim is exhausted.

"The exhaustion of available state judicial remedies is ordinarily a prerequisite to obtaining federal habeas corpus relief." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing 28 U.S.C. § 2254(b)). "[A] district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Rose v. Lundy*, 455 U.S. 509, 522 (1982). District courts, however, have limited discretion to hold in abeyance a habeas petition containing both exhausted and unexhausted claims, in order to permit a petitioner to return to state court to exhaust additional claims while the federal proceedings are stayed. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Stay and abeyance is only appropriate "in limited circumstances," when the district court determines that (1) there was good cause for the petitioner's failure to exhaust his claims first in state court; and (2) the unexhausted claims are not "plainly meritless." *Id.*

Petitioner's second claim, however, is exhausted because no state remedies remain available with respect to this claim. "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it, . . . or (2) he demonstrates that no state remedy remains available." *Johnson*, 88 F.3d at 829 (citations omitted).

The exhaustion requirement applies "only to remedies still available at the time of the federal petition." *Engle v. Isaac*, 456 U.S. 107, 125-26 n. 28 (1982); *see also Johnson*, 88 F.3d at 829. A petitioner's claims are exhausted where "a return to state court for exhaustion would be futile." *Phillips v. Woodford*, 267 F.3d 966, 974 (9th Cir. 2001). "A habeas petitioner who has defaulted his federal claims in state court meets the *technical* requirements for exhaustion; there are no state remedies any longer 'available' to him." *Cassett v. Stewart*, 406 F.3d 614, 621 n. 5 (9th Cir. 2005) (citation omitted); *see also Gray v. Netherland*, 518 U.S. 152, 161 (1996) (quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (the exhaustion requirement is satisfied if "it is clear that [Petitioner's] claims are now procedurally barred under [state] law.").

No state remedies are available with respect to the second claim because the claim is procedurally barred due to Petitioner's failure to raise it at the trial level. Procedural default has been applied to a petitioner's failure to comply with the state procedures for raising a contention. *See Engle*, 456 U.S. at 135. Respondent himself, although arguing that the claim is unexhausted, raises procedural

default with respect to the second claim in the Answer. (*See* Resp't's P. & A. in Sup. of Opp. to Mot. to Hold Proceedings in Abeyance, p. 2; Resp't's P. & A. in Sup. of Answer, 14:22, 16:3-10). Respondent points out that Petitioner brought a claim identical to the second claim in the FAP before the California Court of Appeal. (Lodgment 3, pp. 16-17). Petitioner contended that the prosecution failed to prove the prior convictions alleged in the information with which he was charged. Specifically, Felder pointed out that the information alleged two prior convictions of residential burglary sustained on November 13, 1991 in Pearl County, Mississippi, but the prosecutor instead proved that Felder was convicted of two residential burglaries in Pike County, Mississippi, on October 23, 1991. Therefore, Petitioner claimed, the prosecution failed to prove the convictions *as alleged*. *Id.*, p. 6.

Under California law, a defendant who fails to raise the objection to the variance between the pleading and the proof forfeits his right to do so at the appellate court unless the variance affects his "substantial rights." *See People v. Maury*, 30 Cal.4th 342, 427 (2003); *U.S. v. Romero-Alveoli,* 210 F.3d 1017, 1021 (9th Cir. 2000). The Court of Appeal characterized Petitioner's claim as "a variance between pleading and proof, between a fact alleged and a fact proven in support of the prior conviction, rather than a failure to prove the convictions." (Lodgment 5, p. 8). The appellate court found that Felder had "forfeited the issue for appeal" through his failure to object below to the variance, and that the variance did not affect his substantial rights. (*Id*., pp. 8-9). Therefore the second claim is procedurally barred by state law.

Because Petitioner's second claim is procedurally barred and no state remedies remain, it is also exhausted. *Cassett*, 406 F.3d at 621 n. 5; *Gray*, 518 U.S. at 161. Therefore the FAP contains no unexhausted claims, and the stay and abeyance procedure is not necessary.[1]

## IV.  CONCLUSION AND RECOMMENDATION

Having reviewed the matter, the undersigned Magistrate Judge recommends that Petitioner's Motion to Hold Proceedings on Petition in Abeyance be **DENIED** without prejudice as unnecessary, and that Petitioner be ordered to file a Traverse within 30 days of the date the Order on the present Report

---

[1]Respondent points out that Petitioner "agrees that he never presented the claim to the California Supreme Court." (Resp't's P. & A in Sup. of Opp. to Mot. to Hold Proceedings in Abeyance, 4:5-7). Petitioner's "apparent admission" of nonexhaustion, however, does not prevent this Court from reviewing the merits of his motion and determining whether the second claim is exhausted.

and Recommendation is filed. This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636 (b)(1).

**IT IS ORDERED** that no later than **February 20, 2007**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties within **10 days** of being served with the objections.

**IT IS SO ORDERED.**

**DATED: January 31, 2007**

_____
CATHY ANN BENCIVENGO
**United States Magistrate Judge**

cc:        Hon. M. James Lorenz
           all counsel, parties