UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EARL FELDER, <br><br> Petitioner, <br><br> v. <br><br> RODERICK Q. HICKMAN, Secretary of the California Department of Corrections and Rehabilitation, <br><br> Respondent. | Civil No. 05cv2225-L(CAB) <br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITIONER'S MOTION TO STAY AND ABEY** |

Petitioner Charles Earl Felder, proceeding in *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The case was referred to United States Magistrate Judge Cathy Ann Bencivengo for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.3.

In his first amended petition, Petitioner asserted three claims. Respondent filed a response, arguing Petitioner failed to exhaust one of his claims. Petitioner subsequently filed a Motion to Hold Proceedings on Petition in Abeyance, seeking to stay this action while he returned to state court to exhaust the unexhausted claim.

On February 1, 2007, the Magistrate Judge issued a Report and Recommendation, recommending Petitioner's motion be denied without prejudice. The recommendation is based on the finding that a stay and abeyance of the proceedings is not necessary because the claim

was exhausted.  No objections were timely filed, and on March 12, 2007, this court issued an order adopting the Report and Recommendation.  On March 14, 2007, the court received a letter from Petitioner indicating that as of March 7, 2007, he had not yet received the Report and Recommendation.  On March 22, 2007, the court extended the time for Petitioner to file and serve objections, and extended the time to reply to any objections filed.  Petitioner filed objections on April 19, 2007.

In reviewing a magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Under this statute, "the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made, but not otherwise.*"  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*) (emphasis in original); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225-26 & n.5 (D. Ariz. 2003) (applying *Reyna-Tapia* to habeas review).

The court has conducted the required de novo review and concurs with the Magistrate Judge's analysis and conclusion that because the claim is technically exhausted, the requested relief is unnecessary.  In the Report and Recommendation, the Magistrate Judge determined that the claim is procedurally barred under California law because Petitioner failed to raise it at the trial level.  The claim in question, as pleaded by the Petitioner, is "the prosecution failed to prove the prior convictions alleged."  (First Amended Complaint at 2.)  The California Court of Appeal described the claim as "a variance between pleading and proof," which a defendant cannot object to at the appellate level if he did not raise it below, unless it affects his substantial rights.  (Report & Recommendation at 4 ("Report & Rec."), citing *People v. Maury*, 30 Cal. 4th 342, 427 (2003).)  The appellate court found the issue was forfeited.  Because no other state remedies are available, the Magistrate Judge found that the exhaustion requirement is satisfied and the stay and abeyance procedure is unnecessary.  (Report & Rec. at 3 (citations omitted).)

Petitioner does not deny that the variance was not raised in trial court in the first instance.  Instead, he objects to the Report and Recommendation, claiming he should not be held

responsible for "the omission of his counsel not presenting [his] claim to the state supreme court." (Objections to Report and Rec. at 3-8 ("Objections").) Petitioner's reliance on *Farretta v. California*, 422 U.S. 806 (1975), is misplaced. *Faretta* established that it was unconstitutional for the states to force a court-appointed lawyer on a criminal defendant who voluntarily and intelligently chose to represent himself. *Id.* at 807. Petitioner, however, does not claim that he was denied the right to self-representation. He contends he meets the good cause requirement for stay and abeyance because his counsel failed to submit this claim before the California Supreme Court, Petitioner was not consulted and did not participate in the decision. (Objections at 8.) This argument is rejected because clients are "held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Serv. Co. v. Brunswick Assocs. P'ship*, 507 U.S. 380, 396 (1993); *Jones Stevedoring Co. v. Director, Office of Workers Comp. Programs*, 133 F.3d 683, 689 (9th Cir. 1997) (that each party is deemed bound by the acts of his lawyer-agent is a bedrock principle of the American system of representative litigation). The court notes that Petitioner has not asserted an ineffective assistance of counsel claim.

As explained in the Report and Recommendation, the limited circumstances in which stay and abeyance is appropriate require not only a determination of good cause for the failure to exhaust the claim in state court, but also the determination that the unexhausted claim is not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). (Report & Rec. at 3.) In his Objections, Petitioner acknowledges this relevant legal test, but fails to present a cogent argument as to why the claim is not meritless. (Objections at 6.) Even if Petitioner could show good cause for his failure to exhaust, this court "would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Rhines*, 544 U.S. at 277.

Upon de novo review, the court concurs with the Magistrate Judge's analysis and conclusion that because the claim is technically exhausted, the requested relief is unnecessary.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

Case 3:05-cv-02225-L-CAB   Document 37   Filed 08/06/07   PageID.209   Page 4 of 4

Accordingly, the court **ADOPTS** the Report and Recommendation and **DENIES WITHOUT PREJUDICE** Petitioner's Motion to Hold Proceedings on Petition in Abeyance.

    **IT IS SO ORDERED**.

DATED: August 2, 2007

*M. James Lorenz*
M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL